IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| WILLIAM MAURICE SMITH,<br><br>Plaintiff,<br><br>vs.<br><br>BILLINGS POLICE DEPARTMENT, RUSTY L. WILSON and TRAVIS KNECHT,<br><br>Defendants. | CV 16-00025-BLG-SPW-CSO<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff William Smith has filed a Motion to Proceed in Forma Pauperis (*ECF 1*) and a proposed Complaint (*ECF 2*) seeking to recover damages from individuals who allegedly shot him in October 2001. Smith's claims are barred by the applicable statute of limitations and should be dismissed.

**I. MOTION TO PROCEED IN FORMA PAUPERIS**

Smith has not submitted an account statement in support of his motion to proceed in forma pauperis but in light of the fact that he was incarcerated in the Big Horn County Jail at the time he filed his Complaint, the account statement requirement will be waived and the

1

request to proceed in forma pauperis granted. 28 U.S.C. § 1915(a).

## II. STATEMENT OF THE CASE

### A. Parties

Smith was a prisoner incarcerated at the Big Horn County Jail in Hardin, Montana when he filed his Complaint, however, mail sent to him at the Big Horn County Jail was returned as undeliverable on March 29, 2016. *ECF 4.* Mail to sent to Smith at the "permanent address" provided in the Complaint was also returned as undeliverable on April 4, 2016. *ECF 5.* He is proceeding without counsel.

Smith names the Billings Police Department, Rusty L. Wilson, and Travis Knecht as Defendants.

### B. Allegations

Smith accuses Rusty Wilson (a detective with the Billings Police Department) and Travis Knecht of conspiring to commit murder by shooting him in the stomach while he was sleeping on October 31, 2001. (*Complaint, ECF 2 at 2*). He contends that because he was too frightened to come forward, he did not report the incident for nearly three years. He alleges, however, that he reported the incident to

2

Officer David Valdez with the Billings Sheriff's Department before the statute of limitations ran. (*Complaint, ECF 2 at 5*).

### III. INITIAL SCREENING

#### A. Standard

Smith was a prisoner at the time he filed his Complaint and he is proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is malicious if not pleaded in good faith. *Kinney v. Plymouth Rock Squab. Co.*, 236 U.S. 43, 46 (1915). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*,

3

550 U.S. 544, 555 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Cf.* Fed.R.Civ.P. 8(e) ("Pleadings must be construed as to do justice.").

### B. Analysis

The applicable statute of limitations for claims filed pursuant to 42 U.S.C. § 1983 is the state statute of limitations governing personal injury actions. *Wilson v. Garcia*, 471 U.S. 261 (1985). In Montana, that period is three years after the action accrues. Mont. Code. Ann. § 27-2-204(1). Smith is complaining about incidents which occurred in 2001 but his Complaint was not filed until March 2016. It does not matter whether or not Smith reported the incident to a law enforcement officer within the statute of limitations period. Montana law requires

4

that an action actually be commenced within three years. Mont. Code Ann. § 27-2-204(1). As this case was not filed until nearly fifteen years after the event at issue, it should be dismissed for failure to file within the applicable statute of limitations.

## IV. CONCLUSION

28 U.S.C. §§ 1915, 1915A requires a court to dismiss a complaint that fails to state a claim upon which relief may be granted, but it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). The failure to file within the applicable statute of limitations is not a defect which could be cured by the allegations of additional facts. The case will be recommended for dismissal.

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness,

maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). This case should be designated a "strike" because the failure to file within the applicable statute of limitations constitutes a failure to state a claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. 199 (2007).

Accordingly, the Court issues the following:

## ORDER

1. Smith's Motion to Proceed in Forma Pauperis (*ECF 1*) is **GRANTED**.

2. The Clerk shall remove the word "LODGED" from the docket entry for the Complaint. *ECF 2*. The Complaint is deemed filed March 16, 2016.

Further, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be dismissed with prejudice.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect

that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) based upon Smith's failure to file within the applicable statute of limitations.

4. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Smith may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a),

---

[1]As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

7

should not be filed until entry of the District Court's final judgment.

DATED this 12th day of April, 2016.

*/s/ Carolyn S. Ostby*
United States Magistrate Judge
